IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. **17-00365-01-CR-W-GAF** |
|---|---|
| Plaintiff, | **COUNT ONE** <br> **18 U.S.C. §§ 1014** |
| v | Loan Application Fraud <br> NMT 30 Years Imprisonment <br> NMT $1,000,000 Fine |
| TODD EDWIN ROOD, <br> [DOB: 03/11/1965] | NMT 5 Years Supervised Release <br> Class B Felony |
| Defendant. | **Allegation of Forfeiture** <br> **18 U.S.C. § 982(a)(2)** |
| | $100 Mandatory Assessment on each Count |

# I N F O R M A T I O N

THE UNITED STATES ATTORNEY CHARGES THAT:

On or about December 17, 2015, within the Western District of Missouri, defendant TODD EDWIN ROOD, did knowingly and willfully made false, fictitious, and fraudulent statements and representations to United Community Bank and the Small Business Administration, concerning financial statements for his business, Rood Machine Engineering, Inc., for the period to include but not limited to August 31, 2015 through October 31, 2016. The defendant did so for the purpose of influencing the action of United Community Bank to make a loan in the amount of $1,744,000 to Eric Allenspach and Marianne Allenspach-Boller for the purpose of the Allenspachs purchasing Rood Machine Engineering, Inc., all in violation of Title 18, U.S.C. Section 1014. United Community Bank is an institution the accounts of which are insured by the Federal Deposit Insurance Corporation (FDIC).

## ALLEGATION OF FORFEITURE

The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

Upon conviction of the offense set forth in Count One of this Information, the defendant TODD EDWIN ROOD, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property, real or personal, involved in the offense of conviction or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of at least $1,207,979.97.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third party;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

    Respectfully submitted,

    Thomas M. Larson
    Acting United States Attorney

By    */s/ Gregg R. Coonrod*
    Gregg R. Coonrod
    Senior Litigation Counsel

Dated: December 6, 2017